IN THE MATTER OF WILLIAM K. SPEED AND WIFE, Appellants, v. ST. LOUIS COUNTY COURT, Respondent.

1. *Revenue — Taxation — Property occupied by the National Government, when exempt.*—Property occupied by the national government will not be exempt from State taxation unless the title and ownership thereof be vested in the United States. Taxes are assessed against the real owner without any regard to temporary occupancy, and the obligation of payment follows the assessment.

### *Appeal from St. Louis Circuit Court.*

This was an application to the County Court to correct an assessment of property alleged to be erroneously and improperly assessed. The property is historically known as the Gratiot-street Prison. Government seized it — used it first for prison, subsequently for hospital purposes. It was regularly assessed for taxes, under the authority of the State, during the years in which it was so held by government.

*J. C. Moody*, for appellants.

I. The record in this case shows that the property assessed with the taxes in question was used and occupied, all the time for which the taxes were assessed, by the government of the United States, to the exclusion of the plaintiffs, and for governmental purposes. It was, therefore, not taxable by State, county, or municipal authority. Even if the United States government should at some future day pay plaintiffs for the use of their property, of course it would refund them this tax if they are compelled to pay it. It

is, therefore, in every point of view, an attempt to tax the general government and obstruct the exercise of its lawful powers. (Dobbins v. Commissioners of Erie, 16 Pet. 435; McCullough v. Maryland, 4 Wheat. 316; Woston v. Charleston, 2 Pet. 449; Bank of Com. v. Commissioners of New York, 2 Black, 620; Bank Tax cases, 2 Wall. 200.)

*H. A. Clover*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

The appellants were seized and possessed of certain real estate in the city of St. Louis which the United States government took possession of in 1861 and continued to hold and occupy till 1865, when it was voluntarily relinquished and returned to its owners, the appellants. It is now claimed that it was illegal to levy and assess a tax on the property for the time the national government so held and occupied it. The law exempts from taxation all lands and lots, public buildings and structures, with their furniture and equipments, belonging to the United States.

But we cannot see upon what principle this exemption clause can have any application to the appellants' property, nor has any reason been suggested for giving it such force and direction. The property, to be exempt from taxation, must belong to the national government — the title and ownership must be vested in it.

If the government, in the execution of its powers or to carry out its functions, finds it necessary and convenient to rent property, it cannot be held that the landlord, during the time the property is so occupied, can be exempted from paying taxes. So, if the government or a private individual with a strong hand forcibly intrudes into and seizes the possession of property, it will make no difference with reference to the taxing power. Taxes are assessed against the real owner without regard to temporary occupancy, and the obligation of payment follows the assessment. There is no evidence to show that the government ever asserted any claim or title whatever to the property. It was used as the exigencies of the times demanded, and then abandoned to the lawful owner.

If the appellants are entitled to any relief, they must appeal to the justice and generosity of the general government. We are wholly inadequate to furnish it here. Judgment affirmed.